UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development)<br><br>    Plaintiff<br><br>         v.<br><br>CARMEN RIVERA REYES, as co-signer and as a representative of the extinct conjugal partnership constituted with EFRAIN PACHECO AMADOR; and THE ESTATE OF EFRAIN PACHECO AMADOR Composed by his known heirs RUSIRIS PACHECO RIVERA, EFRAIN PACHECO RIVERA, AMARILIS PACHECO RIVERA, ELIAS PACHECO RIVERA, MIGDALIA PACHECO RIVERA, Y.P.R. and A.P.R.<br><br>    Defendants | CIVIL NO. 07-1023(CCC)<br><br>FORECLOSURE OF MORTGAGE |

**JUDGMENT BY DEFAULT**

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendants CARMEN RIVERA REYES, as co-signer and as a representative of the extinct conjugal partnership constituted with EFRAIN PACHECO AMADOR; and THE ESTATE OF EFRAIN PACHECO AMADOR Composed by his known heirs RUSIRIS PACHECO RIVERA, EFRAIN PACHECO RIVERA, AMARILIS PACHECO RIVERA, ELIAS PACHECO RIVERA A/K/A ELIAB PACHECO, MIGDALIA PACHECO RIVERA, Y.P.R. and A.P.R., for failure to answer or otherwise plead in this case, against which defendants the plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:

1.     Two(2) Mortgage Notes were subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

(A) A first mortgage was constituted in the amount of $33,670.00, with interest rate at 11 7/8% per annum, was constituted by defendants in favor of plaintiff and under the terms and conditions stipulated and agreed therein, through Deed Number 42, dated March 29, 1984, before Notary Public Jose Rafael Santos Cruz. Said Mortgage was duly recorded at the corresponding section of the Property Registry.

(B) A second Mortgage Note in the amount of $1,730.00, with interest rate at 11 7/8% per annum, was constituted by herein defendants in favor of plaintiff. For the purpose of securing the payment of said Mortgage Note a second Mortgage was constituted for the same amount and under the terms and conditions stipulated and agreed therein, through Deed Number 43 dated March 29, 1984, before Notary Public Jose Rafael Santos Cruz, and duly recorded at the corresponding section of the Property Registry. The property object of these deeds and over which the mortgages were constituted is described as follows:

> "URBANA:  Solar marcado con el número siete (7) del Bloque "F" (F-7) de la Urbanización April Gardens localizado en los Barrios Tejas y Montones del término municipal de Las Piedras, Puerto Rico, con una área superficial de Doscientos Treinta y Cuatro Metros cuadrados Catorce Centésimas de metro (234.14) en lindes por el Norte con el solar número Ocho (3) del Bloque "F"; por el Sur con el solar número Seis (6) del Bloque "F"; por el Este, con el solar  número Veintiseis (26) del Bloque "F"; y por el Oeste, con la Calle Número Ocho (8).
> En dicho solar enclava una casa dedicada a vivienda."

Plaintiff's first mortgage is recorded at folio 242, volume 135 of Las Piedras, property number 6,841, fourth inscription, at the Registry of the Property of Humacao, Puerto Rico.

CIVIL 07-1023CCC					3

Plaintiff's second mortgage is recorded at folio 243, volume 135 of Las Piedras, property number 6,841, fifth inscription, at the Registry of the Property of Humacao, Puerto Rico.

2. The defendants herein owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

3. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

4. The defendants' indebtedness with the plaintiff is:

(1) <u>On the first mortgage note in the amount of $33,670.00</u>:

    a) $27,642.55 of aggregate principal;

    b) $13,458.49 of interest accrued as of February 7, 2005, and thereafter until its full and total payment, which interest amount increases at the daily rate of $8.99;

    c) $ 40,563.26, of subsidy recapture;

    d) Plus insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

(2) <u>On the second mortgage note in the amount of $1,730.00</u>:

    a) $1,389.24 of aggregate principal;

    b) $674.25 of interest accrued as of February 7, 2005, and thereafter until its full and total payment, which interest amount increases at the daily rate of $.45;

CIVIL 07-1023CCC                                4

        c) $ 1,830.00, of subsidy recapture;

        d) Plus insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

    5. Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the plaintiff the amounts specified and set forth in the preceding paragraph 6.

    6. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

    7. The Marshal of this Court shall make the sale herein-above mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks. The amount of $33,670.00 for the first mortgage and $1,730.00 for the second mortgage shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amounts shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amounts specified as minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders

or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

8. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

   a) To the payment of all proper expenses attendant upon said sale;

   b) To the payments of that part of the indebtedness owed to the plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

   c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

   d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendant and shall have execution therefor.

9. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

10. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same. Fed.R.Civ.P. 77(a).

At San Juan, Puerto Rico, on March 29, 2007.

S/CARMEN CONSUELO CEREZO
UNITED STATES DISTRICT JUDGE